**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **KENNETH D. MURENA**, in his capacity as Court-appointed Receiver of Drive Planning, LLC, | : | |
| Plaintiff, | : | Case No.1:25-cv-04587-VMC |
| v. | : | |
| **CQ CONSULTING SERVICES, LLC, et al.**, | : | |
| Defendants. | | |

**RECEIVER'S CONSOLIDATED RESPONSE IN OPPOSITION TO AIMEE SPENCER'S TWO MOTIONS**

Plaintiff, Kenneth D. Murena, solely in his capacity as court-appointed receiver for Drive Planning, LLC ("Receiver"), files his consolidated response in opposition to *Defendant's Verified Partial Motion to Dismiss* [ECF No. 136] and *Defendant's Motion for Judgment on the Pleadings* [ECF No. 137] (collectively, the "Motions") filed by Defendant Aimee Spencer, *pro se* ("Ms. Spencer").

## OVERVIEW

The Court should deny Ms. Spencer's Motions because they fail to meet the requisite legal standards for Rule 12(b)(6) dismissal and Rule 12(c) judgment on the pleadings. The Motions do not provide sufficient grounds for dismissal or a judgment against the Receiver on his straightforward claims to return Ponzi scheme

commissions Ms. Spencer received back to the Receivership Estate. The Complaint contains thorough factual allegations about the Drive Planning Ponzi scheme, the use of agents like Ms. Spencer to spread the scheme, and the commissions paid to the agents for their role as propagators of the pervasive fraud.

While the Motions touch upon several issues, liberally construed, the gist of them is Ms. Spencer seeks to dispose of the entire action against her now without answering the Complaint, participating in discovery, or any other aspect of the litigation process. The sprawling arguments attempt to make many points but none of them hit the mark and all of them collapse under the weight of the Complaint's robust factual allegations applied to the three common receivership causes of action (actual fraudulent transfer, constructive fraudulent transfer, and unjust enrichment). At bottom, the Motions, even construed liberally, are deficient and the Court should deny them for lack of merit.

**THE DEEMED ADMITTED ALLEGATIONS OF THE COMPLAINT AGAINST MS. SPENCER**

The Receiver filed his 93-page, 374 paragraph, 3 count Complaint on August 13, 2025. *See* ECF No. 1. In the Complaint, the Receiver details the massive $380 million Ponzi scheme Russell Todd Burkhalter and his associates orchestrated through Drive Planning, LLC from approximately 2020 to 2024. *See* Compl. ¶¶ 79-157.

The Receiver alleges Ms. Spencer was an agent of Drive Planning and furthered the Ponzi scheme by selling its fraudulent products to investors and profiting from her role in the scheme. *See id.* ¶¶ 234-235. Specifically, the Receiver seeks to avoid, recover, and disgorge $584,516.44 in Commissions Drive Planning paid to her from defrauded investor funds. *See id.* Exhibit Q to the Complaint details the dates and amounts of the 33 improper payments she received. *See* Compl. Ex. Q.

Finally, the Receiver brings three claims for damages against Ms. Spencer: (i) Count 1—Actual Fraudulent Transfer under GUVTA; (ii) Count 2—Constructive Fraudulent Transfer under GUVTA; and Count 3—Unjust Enrichment. *See* Compl. ¶¶ 286-374.

The facts alleged against Ms. Spencer provide adequate notice under Rule 8(a) and state plausible claims under Rule 12(b)(6) and 12(c).

## MEMORANDUM OF LAW

### ***Pro Se Litigant Status Does Not Give License to Ignore the Law***

While courts are obliged to construe *pro se* litigants' papers liberally, "this liberal construction does not allow the Court to act as *de facto* counsel or rewrite otherwise deficient pleadings for a pro se litigant." *Smith v. Vallen Distribution*, Civil Action No. 1:23-cv-03320-VMC, 2025 U.S. Dist. LEXIS 147712, at *6 (N.D. Ga. July 11, 2025). Despite Ms. Spencer's arguments touching upon multiple sub-arguments that border on "stream of consciousness", liberally construed, the

Motions seek to dispose of this ancillary proceeding against her either by Rule 12(b)(6) or Rule 12(c). But, as discussed below, her motions are deficient and properly denied.

***The Receiver Satisfies Rule 8(a)'s and Rule 12(b)(6) and (c)'s Requirements.***

The Receiver asserts Georgia law based fraudulent transfer and unjust enrichment claims against Ms. Spencer seeking to avoid, recover, and disgorge the $584,516.44 in Ponzi scheme funds she received from the Drive Planning Ponzi scheme. *See* ¶¶ 286-374. These claims are common recovery tools employed by Receivers to "claw back" ill-gotten gains in Ponzi scheme cases. *See Nohr v. Jang*, No. 1:14-CV-02761-SCJ, 2015 U.S. Dist. LEXIS 200571 (N.D. Ga. Sep. 28, 2015); *Hays v. Adam*, 512 F. Supp. 2d. 1330 (N.D. Ga. 2007). As set forth below, the well-pled factual allegations of the Complaint state plausible claims under each of the Receiver's three theories of recovery.

To state an actual fraudulent transfer claim under Georgia law, the Receiver must allege a transfer by a debtor was made with the actual intent to hinder, delay, or defraud a creditor. *See Nohr v. Jang*, No. 1:14-CV-02761-SCJ, 2015 U.S. Dist. LEXIS 200571, at *7 (N.D. Ga. Sep. 28, 2015). In the Ponzi scheme context, like this case, the actual intent element is satisfied by what is known as the "Ponzi scheme presumption." *See id.* at *10-11. Courts deny motions to dismiss actual fraudulent transfer claims where a receiver alleges the defendant received transfers from a

Ponzi scheme. *See id.* at *9-10. The Receiver alleges those essential elements in the Complaint. *See* Compl. ¶¶ 286-319.

Similarly, to state a constructive fraudulent transfer claim under Georgia law, the Receiver must allege a debtor made a transfer: (i) without receiving reasonably equivalent value from the transferee; and (ii) while the debtor was insolvent. *See Nohr*, 2015 U.S. Dist. LEXIS 200571 at *7-8. For purposes of this claim, Ponzi schemes are often recognized as being insolvent from inception and "false profits" or "referral fees" (like the Commissions here) are deemed to be transfers received in exchange for lack of reasonably equivalent value. *See id.* The Receiver alleges those essential elements in the Complaint. *See* Compl. ¶¶ 320-348.

Finally, the elements of an unjust enrichment claim under Georgia law are: (i) a benefit has been conferred; (ii) compensation had not been given in exchange for the benefit; and (iii) the failure provide compensation is unjust. *See Nohr*, 2015 U.S. Dist. LEXIS 200571, at *17. The Receiver alleges those essential elements in the Complaint. *See* Compl. ¶¶ 349-374.

***Ms. Spencer's Arguments Do Not Support Disposing of This Action Against Her***

Ms. Spencer argues multiple grounds she claims support the Court granting her Motions and dismissing or granting judgment on the pleadings in this "claw back" action against her. None of them are persuasive.

Ms. Spencer's Rule 12(b)(6) Motion [ECF No. 136] improperly claims the Receiver needed to allege wrongdoing on her part. *See* Mot. ECF No. 136, p. 2. But as the Receiver described above, none of his three claims require such an allegation. Ms. Spencer's fraud-based arguments fare no better because the Receiver's three claims are not dependent upon pleading or proof that she committed fraud. *See id.* Her punitive argument is equally flawed because the Receiver seeks to recover the Commissions she received, which were traced from the Drive Planning's bank account that was filled only with defrauded investor funds. There is nothing punitive about the Receiver's three "claw-back claims" that are commonplace in Ponzi scheme cases. Ms. Spencer is likewise incorrect in her assertions that the Receiver is seeking post-judgment relief. The opposite is true. The Receiver is seeking a judgment in the Complaint. There is nothing problematic about seeking to recover Ponzi scheme funds from an agent that profited at the expense of defrauded investors. Finally, the Receiver's Complaint is far from a "shotgun" pleading. Indeed, it provides Ms. Spencer clear notice of the dates and amounts of the transfers against her in Exhibit Q and the facts that support the three claims against her in Counts 1, 2, and 3. Her specific conduct is acting as a Drive Planning agent, selling the Ponzi scheme product, and her exposure for those acts is set forth on Exhibit Q.

Ms. Spencer's Rule 12(c) Motion [ECF No. 137] is similarly deficient. First, the pleadings as to Ms. Spencer are not closed as she has yet to file an Answer. Rule

12(c) is, therefore, inapplicable. If, as Rule 12(c) requires, the Court were to take the current pleadings—the Complaint—as true, judgment would be entered in the Receiver's favor against Ms. Spencer, not the other way around. She also recycles her flawed fraud-based arguments, which fail for the same reasons as they did under Rule 12(b)(6) as noted above. The prejudgment execution and disgorgement arguments are illogical and unsound as the Receiver is seeking a judgment on liability and damages, not pre-judgment or punitive remedies as suggested. Contrary to Ms. Spencer's arguments, the Receiver has provided her with ample due process, and she is exercising her full mantle of rights by filing multiple motions requiring the Receiver to expend resources addressing her meritless positions. Lastly, while Rule 12(c) when used under proper circumstances does promote judicial economy and fairness, Ms. Spencer's ill-conceived use of this procedural tool here and now only serves to delay disposition against her and burden the judicial process.

Ultimately, Ms. Spencer's two Motions mount no meritorious opposition to the Receiver's well-pled and well-founded Complaint. The Court should deny them both.

## CONCLUSION

WHEREFORE, the Receiver respectfully requests the Court deny the Motions.

Dated: April 9, 2026

Respectfully submitted,

*/s/ Kristopher E. Pearson*

Kristopher E. Pearson
Florida Bar No. 1025060
*Admitted Pro Hac Vice*
Email: kpearson@dvcattorneys.com
Adriana Pavon, Esq.
Florida Bar No. 1025060
Admitted Pro Hac Vice
Email: apavon@dvcattorneys.com

Damian | Valori | Culmo
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: 305-371-3690
Facsimile: 305-371-3965

- and -

Henry F. Sewell, Jr.
Georgia Bar No. 636265
Law Offices of Henry F. Sewell Jr., LLC
2694 Peachtree Road, NW, Suite 555
Atlanta, Georgia 30305
Telephone: (404) 926-0053
Email: hsewell@sewellfirm.com

**CERTIFICATE OF SERVICE, FONT AND MARGINS**

I hereby certify that on April 9, 2026, I electronically filed the foregoing Response using the CM/ECF System that will automatically send e-mail notification of such filing to all registered attorneys of record, and by U.S. Mail upon Defendant Aimee Spencer at her address in Alexandria, VA.

I further certify that I prepared this document in 14-point Times New Roman font and complied with the margin and type requirements of this Court.

Dated: April 9, 2026.

*/s/ Kristopher E. Pearson*

Kristopher E. Pearson
Florida Bar No. 1025060
*Admitted Pro Hac Vice*