**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **KENNETH D. MURENA**, in his capacity as Court-appointed Receiver of Drive Planning, LLC, | : | |
| Plaintiff, | : | Case No.1:25-cv-04587-VMC |
| v. | : | |
| **CQ CONSULTING SERVICES, LLC, et al.**, | : | |
| Defendants. | | |

**RECEIVER'S CONSOLIDATED RESPONSE IN**
**OPPOSITION TO DOUGLAS EZE'S TWO MOTIONS**

Plaintiff, Kenneth D. Murena, solely in his capacity as court-appointed receiver for Drive Planning, LLC ("Receiver"), files his consolidated response in opposition to *Defendant's Motion for More Definite Statement (FRCP 12(e))* [Dkt. No. 196] and *Defendant's Motion to Dismiss (FRCP 12(b)(6)* [Dkt. No. 197] (collectively, the "Motions") filed by Defendant Dougals Eze, *pro se* ("Mr. Eze").

## OVERVIEW

Mr. Eze is a latecomer to this proceeding because he was just recently released from federal prison after being incarcerated for immigration (visa) fraud. The Receiver, through his diligence, located and served Mr. Eze after his release, and extended the opportunity for him to engage in settlement negations. Rather than

cooperate with the Receiver, Mr. Eze chose to defend by filing the Motions. But the Motions lacks merit and only cause delays. As set forth below, Mr. Eze cannot escape liability through baseless Rule 12 motions.

The Court should deny Mr. Eze's Motions because they fail to meet the requisite legal standards for Rule 12(b)(6) dismissal and a Rule 12(e) more definite statement. The Motions, therefore, do not provide sufficient grounds for a dismissal order or an order requiring the Receiver to file a more definite pleading against Mr. Eze on the Receiver's straightforward claims to return Ponzi scheme commissions Mr. Eze received back to the Receivership Estate. The Complaint contains thorough factual allegations about the Drive Planning Ponzi scheme, the use of agents like Mr. Eze to spread that scheme, and the commissions paid to Mr. Eze and the other agents for their role as propagators of the pervasive fraud.

While the Motions touch upon several issues, liberally construed, the gist of them is Mr. Eze argues the Receiver failed to state a claim and failed to provide sufficient detail thereby hampering his ability to answer the Complaint. Mr. Eze's arguments all miss the mark because the Complaint's robust factual allegations applied to the three common receivership causes of action (actual fraudulent transfer, constructive fraudulent transfer, and unjust enrichment) are more than adequate to state plausible claims upon which this Court can grant relief and Mr. Eze certainly

has sufficient information to formulate an answer. At bottom, the Motions, even construed liberally, are deficient and the Court should deny them for lack of merit.

**THE DEEMED ADMITTED ALLEGATIONS OF THE COMPLAINT AGAINST MR. EZE**

The Receiver filed his 93-page (without exhibits), 374 paragraph, 3 count Complaint on August 13, 2025. *See* ECF No. 1. In the Complaint, the Receiver details the massive $380 million Ponzi scheme Russell Todd Burkhalter and his accomplices orchestrated through Drive Planning, LLC from approximately 2020 to 2024. *See* Compl. ¶¶ 79-157.

The Receiver alleges Mr. Eze was an agent of Drive Planning and furthered the Ponzi scheme by selling its fraudulent products to investors and profiting from his role in the scheme. *See id.* ¶¶ 267-270. Specifically, the Receiver seeks to avoid, recover, and disgorge $321,145.90 in Commissions Drive Planning indirectly paid to him through his alter ego Largo Financial Services, LLC from defrauded investor funds. *See id.* Exhibit Z to the Complaint details the dates and amounts of the improper payments he indirectly received. *See* Compl. Ex. Z.

Finally, the Receiver brings three claims for damages against Mr. Eze: (i) Count 1—Actual Fraudulent Transfer under GUVTA; (ii) Count 2—Constructive Fraudulent Transfer under GUVTA; and Count 3—Unjust Enrichment. *See* Compl. ¶¶ 286-374.

The facts alleged against Mr. Exe. provide adequate notice under Rule 8(a) state plausible claims under Rule 12(b)(6) and do not warrant relief under 12(e).

## MEMORANDUM OF LAW

### ***Pro Se Litigant Status Does Not Give License to Ignore the Law***

While courts are obliged to construe *pro se* litigants' papers liberally, "this liberal construction does not allow the Court to act as *de facto* counsel or rewrite otherwise deficient pleadings for a pro se litigant." *Smith v. Vallen Distribution*, Civil Action No. 1:23-cv-03320-VMC, 2025 U.S. Dist. LEXIS 147712, at *6 (N.D. Ga. July 11, 2025). Despite Mr. Eze's multiple disjointed arguments addressing multiple sub-arguments, the Motions, liberally construed, seek dismissal under Rule 12(b)(6) or more information under Rule 12(e). But, as discussed below, Mr. Eze's motions are deficient and the Court should deny both of them.

### ***The Receiver Satisfies Rule 8(a)'s and Rule 12(b)(6) Requirements.***

"[Courts] use a two-step process to determine whether a claim survives Rule 12(b)(6) scrutiny." *Caterpillar Fin. Servs. Corp. v. Venequip Mach. Sales Corp.*, 147 F.4th 1341, 1347 (11th Cir. 2025). Courts first look at what a claimant must plead to support each cause of action. *See id.* With elements of each cause of action in focus, courts turn to the factual allegations of the complaint to determine "whether they 'plausibly suggest an entitlement to relief.'" *Id.* at 1347 (quoting *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662,

678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). "A claim is facially plausible if the plaintiff 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 1346.

Finally, "[w]hen reviewing a motion to dismiss, [courts] accept the plaintiff's allegations as true and "constru[e] them in the light most favorable to [the] [p]laintiff[]." *Id.* (quoting *Cavalieri v. Avior Airlines C.A.*, 25 F.4th 843, 847 (11th Cir. 2022)).

The Receiver, in the Complaint, asserts Georgia law based actual and constructive fraudulent transfer claims (Counts I and II) and an unjust enrichment claim (Count III) against Mr. Eze seeking to avoid, recover, and disgorge the $321,145.90 in Ponzi scheme funds he indirectly received from the Drive Planning Ponzi scheme. *See Compl.* ¶¶ 267-270; 286-374. These claims are common recovery tools employed by Receivers to "claw back" ill-gotten gains in Ponzi scheme cases. *See Nohr v. Jang*, No. 1:14-CV-02761-SCJ, 2015 U.S. Dist. LEXIS 200571 (N.D. Ga. Sep. 28, 2015); *Hays v. Adam*, 512 F. Supp. 2d. 1330 (N.D. Ga. 2007). As set forth below, the well-pled factual allegations of the Complaint state plausible claims under each of the Receiver's three theories of recovery.

To state an actual fraudulent transfer claim under Georgia law, the Receiver must allege a transfer by a debtor was made with the actual intent to hinder, delay, or defraud a creditor. *See Nohr v. Jang*, No. 1:14-CV-02761-SCJ, 2015 U.S. Dist.

LEXIS 200571, at *7 (N.D. Ga. Sep. 28, 2015). In the Ponzi scheme context, like this case, the actual intent element is satisfied by what is known as the "Ponzi scheme presumption." *See id.* at *10-11. Courts deny motions to dismiss actual fraudulent transfer claims where a receiver alleges the defendant received transfers from a Ponzi scheme. *See id.* at *9-10. The Receiver alleges those essential elements in the Complaint. *See* Compl. ¶¶ 286-319.

Similarly, to state a constructive fraudulent transfer claim under Georgia law, the Receiver must allege a debtor made a transfer: (i) without receiving reasonably equivalent value from the transferee; and (ii) while the debtor was insolvent. *See Nohr*, 2015 U.S. Dist. LEXIS 200571 at *7-8. For purposes of this claim, Ponzi schemes are often recognized as being insolvent from inception and "false profits" or "referral fees" (like the Commissions here) are deemed to be transfers received in exchange for lack of reasonably equivalent value. *See id.* The Receiver alleges those essential elements in the Complaint. *See* Compl. ¶¶ 320-348.

Finally, the elements of an unjust enrichment claim under Georgia law are: (i) a benefit has been conferred; (ii) compensation had not been given in exchange for the benefit; and (iii) the failure provide compensation is unjust. *See Nohr*, 2015 U.S. Dist. LEXIS 200571, at *17. The Receiver alleges those essential elements in the Complaint. *See* Compl. ¶¶ 349-374.

The Receiver, in the Complaint, alleges facts, taken as true for Rule 12(b)(6) purposes, that state plausible claims for entitlement to relief under the three asserted causes of action against Mr. Eze. This is all that Rule 12(b)(6) requires. *See Caterpillar Fin. Servs. Corp.*, 147 F.4th at 1349 (determining the district court erred in granting a Rule 12(b)(6) motion after applying the appropriate standard to the factual allegations of the complaint and stating, "Plausibility is all that is required, and Caterpillar Financial's complaint cleared that threshold"). The Court should therefore deny the Rule 12(b)(6) based motion [Dkt. No. 197].

***The Receiver Need Not Plead Mr. Eze Engaged in Wrongdoing***

Mr. Eze's Rule 12(b)(6) Motion [Dkt. No. 197] improperly contends the Receiver needed to allege wrongdoing on his part. *See* Mot. Dkt. No. 197, p. 1. But, as stated above, none of the Receiver's three causes of action require him to plead and later prove that Mr. Eze himself committed securities fraud or any kind of fraud. Rather, the fact that he sold an illegal product is grounds to disgorge the commissions he received for selling the illegal product under the Receiver's three claims. Mr. Eze's argument confuses the requirements of the applicable causes of action and, as such, does not support dismissal under Rule 12(b)(6).

***The Complaint and Exhibit Z Details Mr. Eze's Commission Transactions***

Mr. Eze claims in both Motions that the Receiver fails to identify the commission transactions and transfers targeted by the Receiver. *See* Mot. Dkt. No.

196, p. 3; Mot. Dkt. No. 197, p. 1. The Complaint, and Exhibit Z, however, provide Mr. Eze with clear notice of the dates and amounts of the transfers against him and the facts that support the three claims against him in Counts 1, 2, and 3. His specific conduct is acting as a Drive Planning agent, selling the Ponzi scheme product, and his exposure for those acts is set forth in the Complaint and on Exhibit Z.

Mr. Eze, in the Rule 12(e) motion, argues the Receiver fails to differentiate between the transfers sought against him and those sought against his entity, Largo Financial Services, LLC. But Mr. Eze ignores the allegations of the Complaint that plainly state the Receiver seeks to impose liability for the full amount of subject transfers. *See* Compl. ¶ 270. Thus, the requested differentiation is not required. Finally, despite Mr. Eze's suggestion in his Rule 12(e) motion, the Receiver alleges that all of the transfers set forth on Exhibit Z are subject to each of the three claims.

***Veil-Piercing and Alter Ego Involve Factually Laden Issues***

Mr. Eze, in both Motions, attacks the Receiver's alter ego and veil-piercing theories of recovery against him personal. *See* Mot. Dkt. No. 196, p. 2; Mot. Dkt. No. 197, p. 2. Those arguments are premature in this Rule 12 posture. Courts generally hold that alter ego and veil-piercing claims involve questions of fact and require weighing evidence. *See Cont'l Cas. Co. v. Healthprime, Inc.*, No. 1:07-CV-2512-BBM, 2009 U.S. Dist. LEXIS 139938, at *37-40 (N.D. Ga. June 18, 2009)

(denying motion for summary judgment on alter-ego and corporate veil-piercing issues because of the factual issues requiring weighing evidence).

Here, the Receiver, in the Complaint, alleges that Mr. Eze caused his alter ego entity, of which he is the sole owner and manager, to transfer all of the commission money it received to him, and that he abused the corporate form of his entity to attempt to shield himself from personal liability for his profiteering at the expense of Drive Planning's investors. *See* Compl. ¶¶ 268, 319, 348, 374. The allegations set forth in the Complaint, taken as true, are sufficient Rule 8 and Rule 12 purposes. Also, this issue involves factual issues appropriate for discovery and disposition through summary judgment or trial not on a Rule 12(b)(6) motion. The Court, therefore, should deny the Motions on this point and require Mr. Eze to answer the Complaint and proceed with discovery if he seeks to test these theories of recovery.

***The Receiver Provides Sufficient Details About Mr. Eze's Role in the Scheme***

Mr. Eze, in both Motions, argues the Receiver improperly relies upon "collective allegations." *See* Mot. Dkt. No. 196, p. 2; Mot. Dkt. No. 197, p. 3. The Receiver, however, permissibly alleges that Mr. Eze was one of several Drive Planning agents that received commissions from Drive Planning for selling Drive Planning's illegal and unregistered securities product. *See* Compl. ¶¶ 267-270. As such, the Receiver only groups Mr. Eze along with those other actors that engaged in the exact same conduct that results in the exact same liability. Contrary to Mr.

Eze's suggestion in the Ruler 12(b)(6) based motion, as discussed above, the Receiver's claims do not require the following specific allegations:

- a specific investor solicited by Douglas Eze,
- a specific statement made by Douglas Eze,
- a specific sale made by Douglas Eze,
- a specific misrepresentation made by Douglas Eze,
- or any specific due-diligence failure attributable to Douglas Eze.

*See* Dkt. No. 197, p. 3. None of those issues pertain to an element of either an avoidance claim under GUVTA or a Georgia common law unjust enrichment, which are the only three claims the Receiver asserts in the Complaint. Mr. Eze provides no supportive authority even to suggest the above listed issues are pertinent to the claims the Receiver asserts against him.

Moreover, the Receiver devotes a specific factual section of the Complaint and an Exhibit to issues pertinent to him—the dates and amounts of the transfers he received. *See* Compl. ¶¶ 267-270; Ex. Z.

Ultimately, Mr. Eze's "collective allegations" argument is meritless because it is untethered from the salient issue pertaining to the claims asserted against him in the Complaint. This baseless argument does not support either Rule 12(b)(6) relief or Rule 12(e) relief. The Court should deny both motions on these points.

***The Receiver Adequately Alleges Mr. Eze Provided No Value to Drive Planning***

Drive Planning operated a Ponzi scheme. *See* Compl. ¶¶ 79-85. Drive Planning dealt in illegal unregistered securities. *See id.* ¶¶ 86-128. Mr. Eze sold illegal and unregistered securities to investors for Drive Planning. *See id.* at ¶¶ 128, 267-270. Mr. Eze's involvement in the sale of illegal unregistered securities prevents him from receiving any renumeration for his involvement in illegal conduct. *See* O.C.G.A. § 13-8-1. This point flatly fails as a matter of law. *See id.*

***Mr. Eze's Net Investor Argument is Incoherent***

Mr. Eze points out that the Receiver credited his $350,000 investment against the commissions he received, which constitutes a substantial benefit to Mr. Eze by reducing his liability. Instead of recognizing the value he received, Mr. Eze attempts to foist that gratuity back onto the Receiver in a defensive manner. But this attempt is futile because the Receiver is undoubtably entitled to recover the net amount of gain that Mr. Eze received from Drive Planning.

***The Complaint's Allegations Are Not Unintelligible***

"Rule 12(e) of the Federal Rules of Civil Procedure permits a court to order a party to recast a pleading that is so vague or ambiguous that the opposing party cannot reasonably prepare a response." *Eller v. Liberty Cty. Ga.*, No. CV410-080, 2010 U.S. Dist. LEXIS 58648, at *2 (S.D. Ga. June 14, 2010). "The basis for

granting a Rule 12(e) motion is unintelligibility." *Id*. Such motions are disfavored, and courts generally deny them. *See id*.

Mr. Eze's Rule 12(e) Motion [Dkt. No. 196] does not meet this standard. The Complaint's allegations meet Rule 12(b)(6)'s standard as set forth above and more than provide Mr. Eze with sufficient information for him to prepare a response. The Court should summarily deny the Rule 12(e) motion [Dkt. No. 196] for failure to meet the required Rule 12(e) unintelligibly standard.

Setting Mr. Eze's failure to meet Rule 12(e)'s standard, the arguments he makes in the motion are equally without merit. First, he repeats the "collective allegations" and alter ego and veil piercing arguments dispelled above. For the sake of brevity, the Receiver does not repeat his responses to those arguments here.

He also claims:

> The Complaint does not identify:
>
> (a) the specific transfers allegedly made;
>
> (b) the dates of such transfers;
>
> (c) the amounts allegedly transferred;
>
> (d) the source documents supporting such allegations;
>
> (e) the factual basis for any alter-ego theory;
>
> (f) the facts allegedly supporting veil piercing.

Mot., Dkt. No. 196, p. 2. Exhibit Z address (a) through (c) with sufficient detail as that exhibit makes clear. *See* Compl. Ex Z. Moreover, the Receiver adequately alleges that the commission payments were paid by Drive Planning to Mr. Eze's alter

ego, addressing (d). *See* Compl. ¶¶ 267-270. Finally, the Receiver address points (e) and (f) above and does not repeat his substantive response here.

Ultimately, Mr. Eze has sufficient notice of the allegations the Receiver alleges against him to enable him to prepare a response to the Complaint. The Complaint details his role in the Drive Planning Ponzi scheme. And, to be sure, he knows exactly what he did and with whom to receive a net gain in the amount of $321,145.90 in investor funds in the form of commission payments for soliciting investors to purchase the Drive Planning Ponzi-product. No further details are warranted under Rule 12(e).

## CONCLUSION

WHEREFORE, the Receiver respectfully requests the Court deny the Motions.

Dated: July 14, 2026

Respectfully submitted,

*/s/ Kristopher E. Pearson*

Kristopher E. Pearson
Florida Bar No. 16874
*Admitted Pro Hac Vice*
Email: kpearson@dvcattorneys.com
Adriana Pavon, Esq.
Florida Bar No. 1025060
Admitted Pro Hac Vice
Email: apavon@dvcattorneys.com

Damian | Valori | Culmo
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: 305-371-3690
Facsimile: 305-371-3965

- and -

Henry F. Sewell, Jr.
Georgia Bar No. 636265
Law Offices of Henry F. Sewell Jr., LLC
2694 Peachtree Road, NW, Suite 555
Atlanta, Georgia 30305
Telephone: (404) 926-0053
Email: hsewell@sewellfirm.com

**CERTIFICATE OF SERVICE, FONT AND MARGINS**

I hereby certify that on July 14, 2026, I electronically filed the foregoing Response using the CM/ECF System that will automatically send e-mail notification of such filing to all registered attorneys of record, and by U.S. Mail upon Defendant Dougals Eze at his address in Marlboro, MD.

I further certify that I prepared this document in 14-point Times New Roman font and complied with the margin and type requirements of this Court.

Dated: July 14, 2026.

*/s/ Kristopher E. Pearson*

Kristopher E. Pearson
Florida Bar No. 16874
*Admitted Pro Hac Vice*